## FOLKS *et al. v.* LEE, *and vice versa.*

1. The identity of a named person with a certain other person, shown by a transcript from the record of the penitentiary to have served a sentence there, being a material question in the case, the transcript of a record showing the conviction of the former of the offense of which the latter, according to the record of the penitentiary, had been convicted, was admissible as a circumstance to be considered by the jury in passing upon the question of the identity of the two persons. But the evidence introduced on the trial of the criminal case should have been excluded, and it was error for the court to admit the same over proper objections.

2. The court did not err in admitting a transcript from the books of the old State penitentiary, certified by the chairman of the prison commission and the clerk of said commission under seal.

3. Testimony of an admission by a person that he had been convicted of a certain crime was competent, such conviction tending to throw light upon the question of the identity of the person, and this question being one for determination by the jury passing upon the probative value of such testimony.

4. Immaterial evidence which does not illustrate any question in the case should be excluded.

5. In a suit by certain persons claiming to be the next of kin of a testator, who, after providing that a person named therein and declared in the will to be the wife of the testator should have a life-estate in certain realty, devised the remainder interest in that realty to his next of kin, it was not competent to introduce in evidence a certified transcript from the record of the court of ordinary, of proceedings by the person named in the will as his wife, to have set apart to her a year's support out of the estate of the testator, and of the judgment allowing and setting apart a year's support in favor of the applicant, to illustrate the question whether or not the applicant was actually the wife of the testator.

6. The requests to charge, which were refused, so far as they were pertinent and legal, were covered by the general charge.

7. No material error except as dealt with above is made to appear in the main bill of exceptions or in the cross-bill.

SEPTEMBER 29, 1910.

Complaint for land. Before Judge Felton. Bibb superior court. March 10, 1909.

*Harris & Harris* and *O. C. Hancock,* for plaintiffs.

*Thomas B. West* and *L. D. Moore,* for defendant.

BECK, J.   L. J. Folks and others, hereinafter referred to as
plaintiffs, brought an action against W. G. Lee to recover certain
lands described in the petition.  Both the plaintiffs and the defend-
ant claimed title under the will of Edward Johnston.  By the terms
of the will, after leaving a life-estate to Jane L. Johnston, declared
in the will to be the wife of the testator, the remainder was left
to the next of kin of the testator.  The plaintiffs claim to be the
next of kin, being the nephews and nieces of the testator—the
children of his brother and of his sister.  The defendant claimed
title through successive grants from Katharine Arnold, who, as he
contended, was a legitimate daughter of the testator and Polly
Howell Smith.  The defendant contended also, that, about the
year 1835 and previously thereto, Edward Johnston was known
and went by the name of James Smith, and that he is the same
person who, in the year 1835, was indicted in Bibb superior court
for cheating and swindling, under the name of Edward Johnson
alias James Smith, and after conviction was sentenced to serve a
term of five years in the penitentiary.  Whether Polly Howell was
the wife of Edward Johnson alias James Smith is one of the issues
in the case, and she is referred to hereafter as Polly Howell.  The
plaintiffs insisted that Edward Johnston, called also Black Johns-
ton, lived with Jane Johnston in Macon, Georgia, as his wife, that
he lived with no other person as his wife, that he claimed and
acknowledged her as his wife, and that this continued for a long
period of years under such circumstances as to show, in the absence
of any direct proof that there was a ceremonial marriage, that she
was his wife.  The jury returned a verdict in favor of the defendant.
The plaintiffs made a motion for a new trial, which was overruled,
and they excepted.

1.   The court admitted in evidence what purported to be a
transcript from the minutes of Bibb superior court in the case of
the State *v.* Edward Johnson alias James Smith, containing the
evidence for the State introduced on the trial of that case and the
judgment of the court imposing sentence after conviction.  Objec-
tion to the admission of this testimony, and particularly to that
portion of it which embraces the evidence for the State, was urged
on the ground that it was illegal, being res inter alios acta, and
that the so-called evidence for the State was merely hearsay rela-
tively to the case at bar.  The objection to the admission of the

evidence introduced on the trial of the criminal case was well taken, and the court erred in not sustaining the same. But the remainder of the record should have been admitted to be considered by the jury in passing upon the question of the identity of Edward Johnston or Black Johnston, the testator in the will above referred to, with Edward Johnson alias James Smith, the defendant in the criminal case; there being certain evidence in the record tending to show that Edward Johnston, or Black Johnston, had admitted that he had once in his life been convicted of the offense of horse-stealing and had served in the penitentiary, but that he did not steal the horse but had won it in a game of cards; although, as appears from the testimony, the admission referred to a conviction which had been had in another county.

2. The court did not err in admitting a transcript from the books of the old State penitentiary, certified by the chairman of the prison commission and the clerk of said commission under seal. Acts of 1897, p. 78.

3. Evidence that Edward Johnston, the testator, had been heard to say "that he had been convicted of horse-stealing in Cherokee county, but that he did not steal the horse but had won it at a game of cards, and was afterwards pardoned out of the penitentiary by the Governor," was admissible for the consideration of the jury in passing upon the question of the identity of Edward Johnson alias James Smith, the person who was convicted under the indictment referred to above.

4. Evidence as to the general character of Edward Johnston, and as to whether or not he was in the habit of playing cards and was a professional gambler, could not illustrate the question of the identity of Edward Johnston with the defendant in the indictment hereinbefore referred to; and such evidence should have been ruled out.

5. The plaintiffs offered in evidence a properly certified copy of the procedings in the matter of the application of Mrs. Jane L. Johnston to be allowed a twelve months support out of the estate of Edward Johnston. This was offered, as appears from the recitals in the motion for a new trial, "to show the judgment of the ordinary, after notice to the world, that the record and judgment put the world on notice that the applicant was the widow of Black (Edward) Johnston. This was offered on the issue as to whether

Jane L. Johnston was in fact the widow of Black Johnston." The court excluded this evidence upon objections duly made; and this ruling is assigned as error. We think the court properly held that the evidence was inadmissible; the rejection being on the ground that it was res inter alios acta, and that it was irrelevant as to any issue in this case.

The ruling here made is applicable to the assignments of error contained in the cross-bill of exceptions to the ruling of the court below in excluding certain testimony taken by interrogatories in the matter of the application of Polly Howell for the allowance of twelve months support out of the estate of Edward Johnson alias James Smith.

6. The requests to charge, which were refused, so far as they were pertinent and legal were covered by the general charge. No material error, except in the instance dealt with above, is made to appear in the main bill of exceptions or in the cross-bill.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*